IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEANIE L. LARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08CV854-SRW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Jeanie L. Larry brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

**BACKGROUND**

On November 16, 2006, plaintiff filed an application for Supplemental Security Income (SSI). On March 11, 2008, after the claim was denied at the initial administrative level, an ALJ conducted an administrative hearing. The ALJ rendered a decision on March 27, 2008, in which he found that plaintiff suffers from "severe" impairments of lumbar radiculopathy, lumbar spondylosis, slight disc bulge at L4-5, hypertension, and degenerative arthritis. He determined that plaintiff retains the residual functional capacity to perform her

past relevant work and, further, that she can perform other jobs existing in significant numbers in the national economy. On August 29, 2008, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ stands as the final decision of the Commissioner.

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

**DISCUSSION**

The plaintiff challenges the Commissioners decision, arguing that the ALJ failed to

evaluate plaintiff's residual functional capacity in accordance with Social Security Rule 96-8p. Specifically, plaintiff contends that although the ALJ professed to assign "great weight" to the opinion of Dr. Chivukula, the physician who performed a neurological consultative examination, the ALJ's RFC determination conflicts with Dr. Chivukula's medical opinion. Plaintiff maintains that the ALJ did not explain this "material inconsistency," thereby violating Social Security Ruling 96-8p, which requires the ALJ, in assessing an individual's RFC, to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. Upon review of the record, the court concludes that the ALJ did not commit any legal error in determining plaintiff's residual functional capacity and, further, that his decision is supported by substantial evidence.

> The ALJ determined that plaintiff:
>
> has the residual functional capacity to perform the physical exertion and nonexertional requirements of light work with the following limitations: She can continuously use her hands for simple grasping and fine manipulation and frequently use them for pushing and pulling arm controls. She can frequently use her feet for pushing and pulling leg controls. She can frequently balance and reach (overhead) and occasionally stoop, crouch, kneel, crawl and climb. She can frequently work at activities involving being around moving machinery and driving automotive equipment. She can occasionally work at activities involving unprotected heights and exposure to marked changes in temperature and humidity. She is limited to unskilled work. In addition, she experiences a moderate degree of pain[.]

(R. 35). As the ALJ noted in his decision, "light" work involves

> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling or arm or leg controls.

3

(R. 33 n. 5; 20 C.F.R. § 416.967(b)). As noted by the plaintiff, Social Security Ruling 83-10, in discussing the exertional requirements of "light" work, further provides that:

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of *approximately* 6 hours of an 8-hour workday.

SSR 83-10 (emphasis added).

Dr. Chivukula performed a consultative neurological examination of the plaintiff on October 30, 2007. He completed a "Medical Source Opinion (Physical)" in which he expressed his opinion that plaintiff is able to stand one-half to one hour at a time for a total of two to three hours in an eight-hour day, to walk one-half to one hour at a time for a total of one to two hours in an eight-hour day, and to sit for one to two hours at a time for a total of four to five hours in an eight-hour day. (R. 216).[1] Thus, Dr. Chivukula concluded that plaintiff is able to stand and walk, at most, five hours in an eight-hour work day.[2] While the ALJ did give Dr. Chivukula's opinion "great weight" (R. 32), he also expressly indicated that he gave "significant weight" to the opinion of Dr. Babb, an internal medicine specialist who also performed a consultative examination of the plaintiff (id.). Dr. Babb, after examining the plaintiff on November 2, 2007, determined, *inter alia*, that she is able to stand for a total

---

[1] Plaintiff's specific arguments pertain to plaintiff's capacity for walking, standing and sitting. Accordingly, while the court has considered the entire record, it does not discuss the evidence regarding plaintiff's additional limitations.

[2] Plaintiff argues -- relying exclusively on the lowest figures of the ranges set forth by Dr. Chivukula -- that Dr. Chivukula's medical source opinion "call[s] into question Ms. Larry's ability to maintain occupational postures throughout an entire workday." (Doc. # 13, pp. 4-5). However, "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p (emphasis in original). Using the higher part of the range (or even the mid-point as to each function) provides substantial evidence supporting a conclusion that plaintiff can maintain occupational postures for at least an eight-hour day.

of four hours in an eight-hour day, walk for a total of two hours in an eight hour day -- for a standing/walking total of six hours -- and that she has no limitation as to the amount of time she is able to sit. (R. 225). The ALJ further stated that, in assessing plaintiff's residual functional capacity, he considered the plaintiff's testimony. (R. 33). According to the plaintiff's own testimony at the administrative hearing, she is able to stand and walk for a total of six hours in an eight hour workday. (R. 251-54). Contrary to the plaintiff's argument, there is no "material inconsistency" between the ALJ's RFC determination and the evidence on which he relied in reaching that determination. Accordingly, plaintiff's contention that the ALJ committed legal error is without merit.

## CONCLUSION

Upon review of the record as a whole, the court concludes that the decision of the Commissioner is supported by substantial evidence and proper application of the law and is due to be affirmed. A separate judgment will be entered.

Done, this 19th day of March, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE